IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERRATEX, INC., <br><br> Plaintiff, <br><br> v. <br><br> U.S. SEWER & DRAIN, INC. and JEREMY BOWMAN, <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 14-7527 (ES/JAD) <br><br> **ORDER FOR REALLOCATION AND REASSIGNMENT** |

This matter comes before the Court by way of Defendants U.S. Sewer & Drain, Inc.'s and Jeremy Bowman's (hereinafter, "Defendants") motion to reallocate this case from the Newark Vicinage to the Trenton Vicinage pursuant to Local Civil Rule 40.1(e)[1] [see Docket Item 30];[2] and the Court noting that the causes of action asserted in this litigation substantially arose in counties covered by the Trenton Vicinage (see Compl. at ¶¶ 6-22; Janel Cert. at ¶¶ 5-6), and that Defendants reside in a county within the State of Pennsylvania that is adjacent to the counties covered by the Trenton Vicinage (see Compl. at ¶¶ 4-5; Janel Cert. at ¶ 7);[3] and the Court finding that these

---

[1] Local Civil Rule 40.1(e) states that the disposition of any request for reallocation "shall be upon order of the Chief Judge."
[2] Plaintiff Ferratex, Inc. has, at this time, filed no response to the pending motion.
[3] The Court further notes that Defendants have, from the outset of this litigation, sought the transfer and/or reallocation of this action, on the grounds of its tenuous connection to New

considerations support the reallocation of this action from the Newark Vicinage to the Trenton Vicinage, see Local Civil Rule 40.1(a);[4] and for good cause shown;

IT IS this **30th** day of **September**, **2015** hereby

**ORDERED** that Defendants' motion for reallocation [Docket Item 30] shall be, and hereby is, **GRANTED**; and it is further

**ORDERED** that the above-captioned case shall be **REALLOCATED** to the Trenton Vicinage and the Clerk of Court shall **REASSIGN** the case to a Judge of the Trenton Vicinage in due course.

          **s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge

---

Jersey and particularly the Newark Vicinage. [See Docket Item 11.] On August 4, 2015, however, U.S. Magistrate Judge Joseph A. Dickson denied Defendants' motion to transfer and denied their alternative request to reallocate without prejudice to their right "to make an appropriate application to the Chief Judge pursuant to Local Rule 40.1." [Docket Item 28 at 17-18.] The pending motion before the undersigned followed.

[4] Local Civil Rule 40.1(a) specifically provides that civil actions shall be allocated through consideration of "the residence of the defendant, the convenience of litigants, counsel and witnesses, and the place where the cause of action arose."